Ignacio **BARRIERO**, Plaintiff,

v.

**MERIUIENTI O/Y**, Defendant.

**80 Civ. 2680 (WK).**

United States District Court,
S. D. New York.

Aug. 1, 1980.

**194**

Paul A. Gritz, Brooklyn, N.Y., for plaintiff; Harry Kresky, Kresky, Sinawski & Davis, New York City, of counsel.

Walker & Corsa, New York City, for defendant; William S. Blumenschein, New York City, of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

Before us is an action brought by a longshoreman against the owner of a vessel on which plaintiff allegedly was injured while doing stevedore work in the employ of International Terminal Operating Co., Inc. ("I.T.O."). The defendant, relying on *Rodriguez v. Compass Shipping Company, Ltd.* (2d Cir. 1980) 617 F.2d 955, moves to dismiss the complaint on the ground that any right of action plaintiff may have had against this defendant was assigned to plaintiff's employer, I.T.O., upon settlement of a workmen's compensation claim, subject only to a six months period (now long since elapsed) in which plaintiff could have commenced this action pursuant to the Longshoremen's and Harbor Workers' Compensation Act. 33 U.S.C. 933(b).

The case is on all fours with *Rodriguez* except that the settlement in question was arrived at March 28, 1978, which was after September 9, 1977, when certain new regulations went into effect. The Court of Appeals' opinion in *Rodriguez* contains two footnotes concerning these new regulations. Footnote 1 on page 959 of the opinion is as follows:

"The regulations were revised effective September 9, 1977, subsequent to the relevant events in this lawsuit. As now written, 20 C.F.R. § 702.312 provides that while an informal conference may be called by "the deputy commissioner or his designee," a compensation order following an agreement may be issued only by a person designated by the Director of OWCP. Previously, such an order could be filed by anyone empowered to call the informal conference. We need not determine whether our result would differ had the settlement taken place after the new regulations took effect."

Footnote 2 on page 960, provides:

"Effective September 9, 1977, 20 C.F.R. § 702.315 provides that a formal compensation order need not be filed unless either the employer or the employee requests it. It may be argued that under this new provision, the filing of an order has become more than a formality—the employer who fails to request an order may be waiving his right to assignment of the claim. Since the new regulations were not in effect at the time of the settlement of this claim or within six months thereafter (when the assignment became effective), we need not determine whether the change would affect the result in a case such as this."

It is conceded that there was no "order" filed in this case. Therefore, it would seem clear that the above quoted footnotes prevent *Rodriguez* from controlling the case at bar. However, there have been three District Court cases decided on the authority of

*Rodriguez* which dismissed complaints upon facts comparable to those here before us. *Comandatore v. Jugoslavenska Linijska Plovidba* (E.D.N.Y.1980) 78 Civ. 2381; *Giovanni Menella v. Bank Line Ltd.* (S.D.N.Y. 1980) 79 Civ. 6159; see also *Antonio Ambrosino v. Transoceanic Steamship Co., Ltd.* (S.D.N.Y.1980) 78 Civ. 3804 (unclear as to whether there was a formal order).

In the circumstances it would seem that the appropriate course would be to dismiss the complaint, providing the plaintiff with a final order from which he could appeal if he should wish to test the question of whether the Court of Appeals intended a different result to follow in a situation where a settlement was reached—without the issuance of a formal order—after September 9, 1977.

Complaint dismissed.

SO ORDERED.