Vincenzo **SORRENTINO** and Thomas Todaro, Plaintiffs,

v.

Djakarta **LLOYD P. N., "Djatianon,"** Defendant.

No. 79 CV 2560.

United States District Court, E. D. New York.

Dec. 30, 1981.

**1120**

Irving B. Bushlow, Brooklyn, N. Y., for plaintiffs.

Walker & Corsa by Joseph T. Stearns, Michael D. Wilson, New York City, for defendant.

## MEMORANDUM AND ORDER

NEAHER, District Judge.

This is an action for personal injuries sustained by plaintiffs, longshoremen, in an accident aboard defendant's vessel. Defendant has moved to dismiss the complaint under section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933(b). Plaintiffs have failed to file any response to the motion.

Section 33(b) states:

"(b) Acceptance of [statutorily fixed] compensation under an award in a compensation order filed by the deputy commissioner or [Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

It is undisputed that each plaintiff filed claims for benefits for the injuries suffered with the U.S. Department of Labor, Bureau of Employees' Compensation,[1] and that each plaintiff accepted from his employer compensation pursuant to the recommendation of a Department of Labor claims examiner subsequent to an informal conference called before that examiner. It is further undisputed that plaintiffs commenced the present action over six months after accepting such compensation.

The sole question the Court need consider is whether the informal compensation agreement between plaintiffs and their employer triggered the assignment provision of section 33(b). Specifically, the issue is whether the claims examiner's recommendations constitute "an award in a compensation order filed by the deputy commissioner or Board," 33 U.S.C. § 933(b), acceptance of which by plaintiffs operates as an assignment to their employer of the right to sue third parties.

The court's holding in *Rodriguez v. Compass Shipping Co.*, 617 F.2d 955 (2d Cir. 1980), *aff'd*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), would appear to be dispositive:

> "Nothing in the history of the statute indicates that Congress' purpose was to insure the exercise of the personal discretion of the deputy commissioner as distinguished from that of a duly qualified designee. We therefore hold that under the regulations in effect at the relevant time, an agreement settling an injured employee's claim to workmen's compensation, signed after an informal conference with a claims examiner, by whom it was approved, constitutes an 'award' within the meaning of § 33(b)." 617 F.2d at 959 (footnote omitted).

However, the court's conclusion was based on the regulations, effective prior to September 7, 1977, governing LHWCA informal conferences. The court declined to determine whether the current amendments to 20 C.F.R. §§ 702.312 and 702.315 require a different result. 617 F.2d at 659–60, nn. 1–2.

Nevertheless, we are in agreement with the several district judges who have passed on the identical question and found that no alteration of the holding in *Rodriguez* is required by the change in the regulations. See *Dino v. Hapag-Lloyd A. G.*, No. 80 C 6032 (S.D.N.Y. Sept. 3, 1981); *Incorvaia v. Flota Mercante Grancolombiana, S. A.*, No.

---

1. All functions of the Department of Labor with respect to the administration of benefits programs under the LHWCA have been trans- ferred from the Bureau of Employees' Compensation to the Office of Workers' Compensation Programs. 20 C.F.R. 701.202 (1981).

79 C 1550 (S.D.N.Y. July 1, 1981); *Smith v. Hansa Deutsche, etc.*, No. 76 C 1110 (E.D. N.Y. April 14, 1980). Indeed, to decide otherwise would be to elevate form over substance, since the fundamentals of the informal conference procedure and the settlement agreements reached thereunder remain unchanged.

Analysis of the administrative history underlying the current amendments indicates that no change in the finality of agreements reached through the informal conference procedure was intended. Rather, the Department of Labor comments show merely the intent to lessen restrictions on the deputy commissioner and to reduce delay in the processing of claims where informal resolution of contested issues is possible. See 42 Fed.Reg. 45300–01 (Sept. 9, 1977).

Moreover, examination of the current sections 702.312 and 702.315 indicates that the purpose of the amendments was to reduce the circumstances in which issuance of a formal compensation order would be necessary. Presently, section 702.312 allows only a designee of the Director of the Office of Workers' Compensation Programs to issue such an order, and section 702.315 does not require issuance of a formal order following an informal conference except upon request by either party. Nevertheless, section 702.315 clearly indicates that the absence of a formal compensation order in no way diminishes the significance of an informal settlement as a final disposition of the respective rights of the parties. Whether the conference produces a formal order or an informal recommendation agreed to by the parties is immaterial:

> "In either instance, when the employer or carrier has agreed to pay, reinstate or increase monetary compensation benefits, or to restore or appropriately change medical care benefits, such action shall be commenced immediately upon becoming aware of the agreement, and without awaiting receipt of the memorandum or the formal compensation order." 20 C.F.R. § 702.315(a) (1981).

Finally, the legislative intent underlying the six-month limitations period in section 33(b), when examined in light of basic principles of administrative law and the realities of informal adjudication of LHWCA claims, indicates that the current amendments to the regulations should effect no change in the Court of Appeals decision in *Rodriguez*. The basic principle is that the "lifeblood" of the administrative process "was, is, and should be informal procedures for all kinds of administrative action." 2 K. Davis, Administrative Law Treatise § 10:2, at 309 (2d ed. 1979). Thus, it is no surprise that the LHWCA regulations state that "the vast majority of cases" can be resolved through the established informal conference procedure. 20 C.F.R. 702.301 (1981). In this light, it is apparent that when Congress established the six-month limitations period in section 33(b) to allow the injured employee a reasonable time, subsequent to informal settlement, to choose between "immediate compensation" and the "uncertainties of litigation," *Rodriguez*, 617 F.2d at 959, it was implicitly recognizing the value of informal settlement while simultaneously establishing a reasonable termination point for the claimant's right to sue third parties. If informal settlements adjudicated by Department of Labor claims examiners are not given status equivalent to formal compensation orders for the purposes of section 33(b), the "vast majority of cases" under the LHWCA will be exempt from the six-month limitation period.

Based on the foregoing analysis, nothing in the substance of the amendments, the administrative comments thereon, or the legislative intent underlying section 33(b) detracts from the continued legitimacy of the following conclusion of the district court in *Rodriguez*:

> "There is thus no reason why this technical administrative lapse should be permitted to control the legal significance of the settlement agreement. That agreement fulfills the purpose of the award requirement, and is a compensation order within the meaning of § 933(b)." 456 F.Supp. at 1020.

Accordingly, defendant's motion to dismiss the complaint as barred by 33 U.S.C. § 933(b) is granted.

SO ORDERED.

The Clerk of the Court is directed to enter judgment dismissing the complaint.