**Francesco VERDERAME, Plaintiff-Appellant,**

v.

**TORM LINES, a/s, Defendant-Appellee.**

**No. 234, Docket 80–9061.**

United States Court of Appeals, Second Circuit.

Argued Oct. 22, 1981.

Decided Jan. 20, 1982.

Harry Kresky, New York City (Kresky, Sinawski & Hollenberg, James Gelb, New York City, of counsel), for plaintiff-appellant.

James M. Hazen, New York City (McHugh, Leonard & O'Conor, New York City, of counsel), for defendant-appellee.

Before MANSFIELD, VAN GRAAFEILAND and KEARSE, Circuit Judges.

MANSFIELD, Circuit Judge:

Francesco Verderame, a longshoreman, appeals from an order of the Southern District of New York entered by Judge Kevin T. Duffy on September 3, 1980, dismissing his personal injury action for damages against Torm Lines, a/s, a shipowner, as time-barred by the six-month limitation pe-

riod prescribed by § 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (the "Act"), 33 U.S.C. § 933(b).[1] We reverse.

On June 3, 1975, Verderame, an employee of the Pittston Stevedoring Company, sustained injuries to his left arm and left leg while performing stevedoring operations aboard a ship owned by Torm, which was afloat at Brooklyn, New York. He immediately filed a claim with his employer and its insurance carrier, Home Insurance Company, for payment of compensation benefits under the Act. On June 6, 1975, the insurer made an interim payment of compensation benefits to Verderame, which was described as "PAYMENT OF COMPENSATION WITHOUT AWARD" in a notice filed with the Deputy Commissioner, Second Compensation District, of the U. S. Department of Labor. On January 27, 1977, Verderame filed the present suit in the New York State Supreme Court, New York County, whence it was removed on Torm's petition to the District Court for the Southern District of New York.

As a result of the injury Verderame was wholly disabled until August 31, 1978, for which Pittston and its insurance carrier paid him some $37,540.37 as interim compensation. On October 27, 1978, the Department of Labor, pursuant to an agreement and stipulation between the parties after an investigation by the Department of the claim, issued a "COMPENSATION ORDER—AWARD OF COMPENSATION" directing the insurance carrier to pay Verderame an additional $17,824.84, or total compensation benefits of $55,365.21, plus an attorney's fee of $3,100. The last payment of compensation by the insurer to Verderame was made on October 27, 1978.

On June 17, 1980, Torm moved pursuant to Rule 56, F.R.Civ.P., for summary judgment dismissing the complaint on the ground that Verderame's action had been assigned by operation of law to his employer under § 33(b) of the Act because he had failed to commence his action against the shipowner within six months after his acceptance on June 6, 1975, of interim compensation. Torm cited our recent decision in *Rodriguez v. Compass Shipping Co., Ltd.*, 617 F.2d 955 (2d Cir. 1980), later affirmed by the Supreme Court, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981). By memorandum order endorsement dated September 3, 1980, Judge Duffy granted the motion in reliance on *Rodriguez.* Verderame's motion for reargument on the basis of an August 8, 1980, purported ratification by the employer's insurer of Verderame's institution of the action against the shipowner and its reassignment to him of the insurer's right to sue under § 33(b) of the Act was later denied by Judge Duffy on October 28, 1980.[2] From the district court's order dismissing his complaint Verderame appeals.

## DISCUSSION

Under § 33(b) of the Act, 33 U.S.C. § 933(b), the six-month period within which a longshoreman must commence an action against the shipowner begins upon his "[a]cceptance of compensation under an award in a compensation order." The district court, adopting the view urged by Torm, held that Verderame's acceptance on June 6, 1975, of an interim payment of partial compensation from the insurer started the time period running against Verderame under the statute. We disagree.

■ The legislative history of the statute, as outlined by the Supreme Court and

---

1. Section 33(b) provides:

   "(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award."

2. "Under § 33(b), an administrative order for benefits operates as an assignment to the stevedore-employer of the longshoreman's rights against the third party unless the longshoreman sues within six months." *Edmonds v. Compagnie Generale Transatlantique*, 443 U.S. 256, 269, 99 S.Ct. 2753, 2760, 61 L.Ed.2d 521 (1979).

ourselves in *Rodriguez*, makes clear that Congress' purpose was to provide the injured longshoreman, after he knows what his award of compensation benefits will be, with a period of six months within which to decide whether in light of all of the circumstances, including the settlement arrived at with the employer without proof of any fault, to bring an action against a third party seeking damages based on its negligence. The longshoreman cannot be expected to make an intelligent decision of this issue until he is in a position to appraise the full nature and extent of his injuries and the shipowner's negligence, and until he knows the total amount of compensation which he can be sure of receiving from the employer or its insurer. To hold otherwise would be to force the longshoreman to proceed in the dark. On the other hand, once he is armed with information as to the total benefits he will receive from the insurer, he can, with knowledge of the seriousness of his injuries and the extent of the shipowner's negligence, intelligently decide whether an action for damages against the shipowner would be likely to yield him any recovery over and above the compensation benefits plus the fee he would be required to pay to his attorney. For these reasons we hold that until the amount of compensation benefits to be received by the injured longshoreman is fixed, either by order, stipulation of the parties, or informal award, there cannot be an "[a]cceptance of compensation under an award in a compensation order" within the meaning of § 33(b) of the Act.

Our interpretation of § 33(b) is consistent with *Rodriguez* and other decisions construing it. In *Rodriguez* we pointed out that the six-month period began running after a settlement was reached.

"The settlement agreement was signed by the plaintiff, his representative, the employer's representative and the claims examiner. The parties agreed as to the extent of plaintiff's disability, the amount of money due him and the amount of his counsel's fee. Payment of the agreed-upon amount was made promptly by the employer to plaintiff pursuant to the terms of the agreement."

*Rodriguez v. Compass Shipping Co. Ltd.*, 617 F.2d at 957.

Similarly, in *Liberty Mut. Ins. Co. v. Ameta & Co.*, 564 F.2d 1097 (4th Cir. 1977), relied upon by Torm, although there was no entry of a formal award, not only had the total amount of the compensation benefits payable by the insurer been agreed upon and paid but compensation had been "terminated" before an action against the shipowner (in that case by the employer) was commenced.

Applying these principles, the district court clearly erred in holding that the six-month statutory time bar began running on June 6, 1975, three days after the accident, when Verderame received a first interim payment of partial compensation. In the first place, the notice of the payment expressly stated that it was "WITHOUT AWARD," which would normally preclude its being treated as an "award" as that term is used in § 33(b). But, regardless of labels, Verderame at that point did not know how much he would eventually receive by way of insurance compensation and therefore was not sufficiently informed to be able to decide whether a damage suit against the shipowner would be advisable. It also seems unlikely that he would at that early date be aware of the full nature and extent of his injuries. The situation is therefore similar to that in *American Stevedores v. Porello*, 330 U.S. 446, 67 S.Ct. 847, 91 L.Ed. 1011 (1947), where the Supreme Court, holding that a longshoreman, by accepting some interim compensation payments, was not deprived by § 33(b) of the Act as it then stood of his right to sue a third-party tortfeasor (in that case the Government) for damages, stated:

"The apparent purpose of the Act is to provide payments during the period while the employee is unable to earn, when they are sorely needed, without compelling him to give up his right to sue a third party when he is least fit to make a judgment of election. For these reasons we think that mere acceptance of compensation payments does not preclude an injured employee from thereafter elect-

ing to sue a third-party tortfeasor." 330 U.S. at 456, 67 S.Ct. at 852.

In the present case the final compensation award order was not entered until October 27, 1978. This marked the latest point at which the six-month statutory time bar could start to run and indeed, since the order recites that it was entered pursuant to agreement and stipulation of the parties, the period might have started running at an earlier date. Although the record does not disclose the date when the agreement was reached it is unlikely that this occurred more than six months prior to January 27, 1977, when Verderame commenced the present action. However, this matter may be determined upon remand.

Torm argues that Verderame should be bound by the June 6, 1975, date for the reason that it stated in its statement under local General Rule 9(g) accompanying its summary judgment motion that there was no genuine issue about the fact that "Plaintiff was paid and accepted compensation under an award in a compensation order dated June 6, 1975" and Verderame admitted this statement by not controverting it. See *Gatling v. Atlantic Richfield Co.*, 577 F.2d 185 (2d Cir. 1978), *cert. denied*, 439 U.S. 861, 99 S.Ct. 181, 58 L.Ed.2d 169 (1979). We disagree. The exhibits accompanying Torm's Rule 56 motion included the notice of payment revealing that the compensation was partial and interim only, and "WITHOUT AWARD." Verderame, moreover, in reply to the motion attached the October 27, 1978, compensation order which revealed that the total compensation to be paid had not been agreed upon until a much later date, probably on or close to the October 27 date. Lastly, whether the compensation was accepted "under an award in a compensation order" within the meaning of § 33(b) is a mixed question of law and fact. To hold that Verderame is precluded from raising the issue by local General Rule 9(g) would be to exalt form over substance.

Since the complaint was improperly dismissed, we find it unnecessary to decide whether Verderame would be entitled to bring the present action by virtue of his employer's ratification of his suit or its reassignment to him of its rights under § 33(b), an issue now *sub judice* before us in *Angelo Del Re v. Prudential Lines, Inc.*, 2d Cir., 669 F.2d 93, argued 1981.

The order of the district court is reversed and the case is remanded for further proceedings not inconsistent with the foregoing.