Antonio AMBROSINO,
Plaintiff-Appellant,

v.

TRANSOCEANIC STEAMSHIP CO.,
LTD., Defendant-Appellee,

v.

Giacomo CIRCOLONE and Cross Caruso,
Third-Party Defendants-Appellees.

Louis CIGLIANO, Plaintiff-Appellant,

v.

EMPRESSA LINEAS MARITIMAS
ARGENTINAS, S. A.,
Defendant-Appellee.

Nos. 3, 811, Dockets 80–7554, 81–7808.

United States Court of Appeals,
Second Circuit.

Argued March 1, 1982.

Decided March 19, 1982.

Martin Lassoff, New York City (Zimmerman & Zimmerman, Thomas J. Doyle, New York City, of counsel), for plaintiff-appellant, Antonio Ambrosino.

Joseph Arthur Cohen, New York City (Alexander, Ash, Schwartz & Cohen, P. C., Carl Ian Schwartz, New York City, of counsel), for defendant-appellee, Transoceanic Steamship Co., Ltd.

Martin Lassoff, New York City (Zimmerman & Zimmerman, Howard Fishkin, New York City, of counsel), for plaintiff-appellant, Louis Cigliano.

Michael D. Martocci, New York City, for defendant-appellee, Empressa Lineas Maritimas Argentinas, S. A.

Before FEINBERG, Chief Judge, and KAUFMAN and MANSFIELD, Circuit Judges.

PER CURIAM:

These two appeals are by longshoremen injured aboard ship during the course of their employment; they seek damages from the shipowners under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., for their personal injuries. The sole issue presented to us is whether the September 9, 1977 amendments to the Code of Federal Regulations, 20 C.F.R. §§ 702.312 and .315, mandate a result on these cases different from the one we reached in *Rodriguez v. Compass Shipping Co. Ltd.*, 617 F.2d 955 (2nd Cir. 1980), aff'd, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.

2d 472 (1981). We find that our analysis in *Rodriguez* is dispositive of the two appeals now before us, and we affirm the judgments of the district courts.

The undisputed facts are that each plaintiff accepted from his employer, the stevedore, compensation for his permanent disability following an informal conference convened by a United States Department of Labor claims examiner in the Office of Workers' Compensation Programs (OWCP). In each case, the Department issued a Memorandum of Informal Conference, but no formal compensation order was entered and no party requested such an order. Both plaintiffs brought suit in district court more than six months after they accepted payment from their employer.[1] In the Ambrosino case, the complaint was dismissed after defendant's answer and oral motion to dismiss; in the Cigliano case, defendant's motion for summary judgment was granted. In both cases, the district court relied on our decision in *Rodriguez,* supra, and disposed of the claim on the same ground: The longshoreman's failure to bring suit within six months after acceptance of a compensation award resulted in an assignment of his cause of action to his employer, who thereafter had the exclusive right to pursue the third-party claim against the shipowner, 33 U.S.C. § 933(b).[2]

Plaintiffs argue that *Rodriguez* is not dispositive because the regulations at the time *Rodriguez* was decided were later changed in two respects. First, plaintiff points out that formerly any OWCP employee empowered to convene an informal conference could issue a compensation order and that therefore a settlement agreement signed by an OWCP claims examiner could properly be construed as an "award in a compensation order" within the meaning of § 33(b), as *Rodriguez* held. Plaintiffs argue that in contrast 20 C.F.R. § 702.312, which is quoted in the margin [3] and is applicable to the two cases before us,[4] now provides that "a compensation order following an agreement shall be issued only by a person so designated by the Director to perform such duty." Plaintiffs contend that the claims examiners in these two cases were not so designated and that therefore we cannot construe the Memorandum of Informal Conference as having the effect of an "award in a compensation order." Second, plaintiffs argue that under the amended regulation 20 C.F.R. § 702.-315, also reproduced in the margin,[5] if an employer wishes an assignment of the cause

1. Ambrosino was injured on September 14, 1975; a Memorandum of Informal Conference was filed and payment accepted on January 16, 1978. His complaint was filed in the district court on August 16, 1978.

   Cigliano was injured on June 21, 1979; a Memorandum of Informal Conference was filed on May 14, 1980 and payment was accepted on May 20, 1980. His complaint was filed in the district court on January 10, 1981.

2. 33 U.S.C. § 933(b) provides:

   Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

3. 20 C.F.R. § 702.312 provides in relevant part:

   Informal conferences shall be called by the deputy commissioner or his designee assigned or reassigned the case and held before that same person, unless such person is absent or unavailable. When so assigned, the designee shall perform the duties set forth below assigned to the deputy commissioner, except that a compensation order following an agreement shall be issued only by a person so designated by the Director to perform such duty.

4. Acceptance of the compensation award in both cases was subsequent to the 1977 amendments, which were effective October 11, 1977, 42 Fed.Reg. 45300, September 9, 1977.

5. 20 C.F.R. § 702.315(a) provides in relevant part:

   Following an informal conference at which agreement is reached on all issues, the deputy commissioner shall (within 10 days after conclusion of the conference), embody the agreement in a memorandum or within 30 days issue a formal compensation order, to be filed and mailed. . . .

   If either party requests that a formal compensation order be issued the deputy commissioner shall, within 30 days of such request, prepare, file, and serve such order. . . .

of action it must request that "a formal compensation order" be issued.[6] No such request was made here.

Although the effect of the amendments to the regulations was specifically left open in *Rodriguez*, 617 F.2d at 959 n.1 and 960 n.2, and also was not reached by the Supreme Court in affirming our decision in that case, 451 U.S. 596, 598–99 n.3, 101 S.Ct. 1945, 1948 n.3, 68 L.Ed.2d 472, we believe that plaintiffs' arguments are not persuasive. We find nothing in the 1977 amendments that would change the result we reached in *Rodriguez.* The intent of the Department of Labor in amending the regulations was clearly stated:

> The amendments will enable the Department of Labor to process in a more efficient and timely manner the increasing number of claims filed each year.

42 Fed.Reg. 45300, September 9, 1977. Additional language used by the agency in discussing comments received on the proposed amendments reflected a primary concern to avoid "unnecessary delays in the processing of claims." Id. Plaintiffs provide no basis, and we can find none, that would lead us to conclude that the agency intended in any way to affect the substantive rights of the parties, or to inject additional technicalities into the settlement process. To the contrary, the Department encourages resolution through "informal procedures" in the "vast majority of cases." 20 C.F.R. § 702.301. The amendments recognize the importance of an official informal conference in which an agreement approved by the Department of Labor has the same final and binding effect as a formal compensation order issued after a contested proceeding. Thus, 20 C.F.R. § 702.315, see note 5 supra, provides:

> [W]hen the employer or carrier has agreed to pay, . . . such action shall be commenced immediately upon becoming aware of the *agreement*, and without awaiting receipt of the *memorandum or* the formal compensation *order.*

(Emphasis supplied.) See also *Verderame v. Torm Lines*, 670 F.2d 5, 7 (2nd Cir. 1982).

Accordingly, we find that under the revised regulations an agreement approved in a Memorandum of Informal Conference by the claims examiner after an official informal conference constitutes an "award in a compensation order" under § 933(b).[7]

The judgments of the district courts are affirmed.

---

**6.** Neither plaintiff contends that he had no notice of the consequences of accepting a compensation award or that he was unaware of his rights.

**7.** Signature by the parties on an agreement is not necessary in these two appeals in light of the claims examiners' approval, following an official informal conference, of the agreement.