**Louis D'AMICO, Plaintiff-Appellant,**

**v.**

**CIA DE NAV. MAR. NETUMAR, Defendant-Appellee.**

**No. 731, Docket 81–7809.**

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1982.

Decided April 22, 1982.

George J. Duffy, Hoboken, N.J. (Baker, Garber, Duffy & Baker, Hoboken, N.J., of counsel), for plaintiff-appellant.

Joseph F. DeMay, Jr., New York City (Victor S. Cichanowicz, and Cichanowicz & Callan, New York City, of counsel), for defendant-appellee.

Before FEINBERG, Chief Judge, and VAN GRAAFEILAND and MESKILL, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Louis D'Amico, a longshoreman, appeals from an order of the United States District Court for the Southern District of New York, Duffy, J., dismissing his personal injury action on the ground that the claim had been assigned to D'Amico's employer pursuant to section 33(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933(b). We reverse.

On December 19, 1974, D'Amico was injured while working aboard appellee's ship. He received interim compensation payments from his employer's insurance carrier, Leatherby Insurance Company, until September 18, 1975, and then negotiated

with the carrier regarding settlement for his permanent injuries. These negotiations, which were conducted without the assistance of counsel, culminated in a $13,280.58 payment made on December 10, 1975. D'Amico signed a letter dated February 26, 1976, addressed to himself on Leatherby's stationery, which stated that he agreed to settle his compensation claim. The letter also included the terms of Leatherby's offer.

Leatherby then notified the United States Department of Labor's Office of Workers' Compensation Programs (OWCP) of the settlement and, shortly thereafter, D'Amico received a letter from an OWCP claims examiner. The letter recited the terms of the settlement offer and stated that D'Amico should notify the OWCP within ten days if he was dissatisfied with the offer. The letter also stated that, unless notice was received within this time period, "we will there after (sic) refer your case to the final file." Although D'Amico did not contact the OWCP, a formal order approving the settlement was never filed.

This action was commenced on August 25, 1977. On November 19, 1979, appellee moved to dismiss the complaint on the ground that the suit had not been brought within six months of the December 10, 1975 settlement payment. Section 33(b) provides that acceptance of compensation "under an award in a compensation order filed by the deputy commissioner or Board" shall operate as an assignment to the recipient's employer of his cause of action for damages unless the recipient himself sues within six months after such award. The district court placed the motion on the suspense calendar pending the Supreme Court's decision in *Rodriguez v. Compass Shipping Co.,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981). On September 14, 1981, the district court removed the case from the suspense calendar and dismissed it, stating in its endorsed order that dismissal was mandated by the Supreme Court's decision in *Ro-*

*driguez.*[1] After the district court denied D'Amico's motion to reargue, this appeal was filed.

Sections 19(c) and (e) of the LHWCA, 33 U.S.C. §§ 919(c) & (e), appear to require that every claim submitted to the OWCP be disposed of by order. The Department's own regulations, as they existed in 1975, also provided that, when a claim was resolved informally by telephone or written correspondence, the deputy commissioner should file and mail a formal compensation order embodying the terms of the agreement. 20 C.F.R. § 702.315(a) (1975). However, in practice, such orders were not always issued. *Intercounty Construction Corp. v. Walter,* 422 U.S. 1, 4 n.4, 95 S.Ct. 2016, 2018 n.4, 44 L.Ed.2d 643 (1975); *Barulec v. Skou,* 471 F.Supp. 358, 360 (S.D.N.Y. 1979), *aff'd,* 622 F.2d 572 (2d Cir. 1980), *aff'd,* 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981).

In our decision in *Rodriguez, supra,* 617 F.2d 955 (2d Cir. 1980), we held that the absence of a formal order did not prevent *per se* the running of section 33(b)'s six-month limitation period. We said that the order-filing requirement was intended to insure that the longshoreman knew he was limiting his time to sue by accepting the agreed-upon settlement. Because the settlement agreement in that case was signed by Rodriguez, his attorney, the employer's representative, and the claims examiner, and Rodriguez was fully aware of his limited six-month right to sue, we held that the lack of a formal order did not preclude the limitation period from running. *Id.* at 959–60.

Our more recent decision in *Ambrosino v. Transoceanic Steamship Co.,* 675 F.2d 470 (2d Cir. 1982) adopted the rationale of *Rodriguez.* However, as in *Rodriguez,* settlement of the claimants' permanent injury claims followed informal conferences before OWCP claims examiners. Although no formal order was entered in either of the two

---

1. In affirming this Court's decision in *Rodriguez,* the Supreme Court expressly refrained from deciding the issue presented by this appellee's motion to dismiss. *See* 451 U.S. at 598 n.3, 101 S.Ct. at 1948 n.3.

cases there on appeal, a Memorandum of Informal Conference indicating settlement approval was filed in each case.

In the instant case, in which there was no conference before a claims examiner, it is not at all clear that D'Amico knew or can be charged with knowing the legal implications of accepting a final compensation award. He was not represented by counsel, and neither the carrier's nor the claims examiner's letter contained any reference to the six-month limitation period. Moreover, it is not clear from the record that the settlement payment was made "under an award" by the deputy commissioner as provided for in section 33(b). Although prior to the 1977 amendment of 20 C.F.R. § 702.312, a claims examiner was an authorized representative of the deputy commissioner for the purpose of making an award, *Panzella v. Skou*, 471 F.Supp. 303, 305–06 & n.5 (S.D.N.Y.1979), the present record does not show that referral of the case to the "final file" is in fact an "award." In short, there does not appear on the record before us an approved settlement agreement that could be construed as an award in a compensation order. *Verderame v. Torm Lines*, 670 F.2d 5, 7–8 (2d Cir. 1982).

We conclude that the action should not have been summarily dismissed without a more complete development of the facts. Upon remand, the district court should ascertain whether there was, in practical and legal effect, "an award in a compensation order" under section 33(b), and whether the plaintiff knew or was chargeable with knowledge that his acceptance of compensation under the peculiar circumstances of this case brought him within the six-month assignment provisions of that section.

The order of the district court is reversed and the case is remanded to the district court for further proceedings not inconsistent with this opinion.