Louie R. WILLIAMSON, Plaintiff,

v.

The M/V SANDRA WESCH, et al., Defendants.

Civ. A. No. H–82–0135.

United States District Court,
S.D. Texas,
Houston Division.

Dec. 13, 1982.

---

Atreus M. Clay, Houston, Tex., for plaintiff.

William Jensen, Royston, Rayzor, Vickery & Williams, Houston, Tex., for defendants.

## MEMORANDUM AND ORDER

NORMAN W. BLACK, District Judge.

This action was brought by Louie Williamson, a longshoreman, seeking to recover for an injury he suffered on July 2, 1980 while employed by J.J. Flannagan Stevedores. Plaintiff alleges that this injury occurred while he was performing his duties on the M/V Sandra Wesch (formerly the M/V Tynebank). Defendants have filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) that is currently pending before this court. For the reasons set out hereinafter, Defendants' motion to dismiss is GRANTED.

The sole ground asserted by Defendants in support of their Rule 12(b)(6) motion is that Plaintiff has no standing to pursue his cause of action by virtue of Section 933(b) of the Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. § 933(b). Defendant contends that Section 933(b) is inapplicable in the current situation.

Section 933(a) & (b) provide:

(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.

(b) Acceptance of such compensation under *an award in a compensation order* filed by the deputy commissioner or [the Benefits Review] Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award. (emphasis added)

As can be seen, a longshoreman who accepts "compensation under an award in a compensation order" has six months to bring an action against a third party. If he fails to do so, any claim he may have against the third party is assigned to his employer (Section 933(b)) or its subrogee (Section 933(h)). Further, if the employer/subrogee is successful in its action against the third party, the employee is entitled to receive 80% of any recovery amount after the employer/subrogee deducts its litigation expenses, costs of benefits actually furnished the employee, all amounts already paid as compensation and the present value of all amounts to be paid in the future as compensation. 33 U.S.C. § 933(e)

Following Plaintiff's injury, certain events transpired which the Defendants contend are the equivalent of "an award in a compensation order." First, the employer's insurance carrier recognized the Plaintiff was entitled to compensation effective

as of July 3, 1980. The right of the Plaintiff to this compensation was not controverted by his employer. Secondly, the employer's insurance carrier filed a notice of "Payment of Compensation Without Award" with the U.S. Department of Labor's Office of Worker Compensation Programs (OWCP) on August 12, 1980. Finally, the Plaintiff actually accepted the first compensation payment tendered to him on July 21, 1980.

Thus, the issue before this court is whether the three above-mentioned acts constitute "an award in a compensation order" for the purposes of Section 933(b). If the three acts do constitute "an award in a compensation order," then Defendants are correct in contending that the Plaintiff's claim would have been assigned to his employer long before the institution of this suit on January 19, 1982. If, however, the three acts do not constitute an "award in a compensation order," Defendants' Rule 12(b)(6) motion must fail. In reliance on persuasive authority from the Fourth Circuit, this court holds that the three above-mentioned acts do constitute "an award in a compensation order." [1]

In *Simmons v. Sea-Land Services, Inc.,* 676 F.2d 106 (4th Cir.1982), *cert. denied* —— U.S. ——, 103 S.Ct. 242, 74 L.Ed.2d 190 (1982), the court stated:

**1.** It does not appear that the Fifth Circuit has addressed this issue. Thus, this court was forced to look to other circuits for guidance. The circuits that have addressed this issue are divided.

The Fourth Circuit follows the rule that this court today adopts.

The Sixth Circuit expressly stated that it declined to follow the Fourth Circuit position in *Duris v. Erato Shipping, Inc.,* 684 F.2d 352 (6th Cir.1982), *cert. granted,* —— U.S. ——, 103 S.Ct. 371, 74 L.Ed.2d 506 (1982). The *Duris* court stated:

Our holding today is that the mere receipt of compensation benefits under the act does not trigger the assignment provision of Section 33(b). 684 F.2d 352, 355.

The court did not affirmatively state what set of events would amount to "an award in a compensation order." As a result, there is an air of uncertainty regarding Section 933(b) in the Sixth Circuit.

... we hold that "an award in a compensation order" is created by the completion of three events: (1) the employer, having not contravened its liability, initiates compensation payments to the longshoremen; (2) the deputy commissioner files the employer's notice that compensation payments have been initiated; and (3) the longshoreman accepts any of the payments. 676 F.2d 106 at 109.

For other Fourth Circuit opinions in accord with *Simmons* see *Liberty Mutual Insurance Co. v. Ameta and Company,* 564 F.2d 1097 (4th Cir.1977); *Collins v. Norfolk Shipbuilding and Drydock Corp.,* 522 F.Supp. 1211 (E.D.Va.1981); and *Larson v. Associated Container Transportation (Australia) Ltd.,* 459 F.Supp. 561 (E.D.Va.1978).

These courts have articulated the policy underlying the *Simmons* rule contending that it will advance the welfare of longshoremen by:

1. fostering the prompt payment of benefits by the employer or its insurance carrier since an employer will not have to perfunctorily controvert each claim filed to assure an assignment;

2. allowing the longshoreman six months after he first receives compensation to assess his options; and

3. eliminating the delay and expense of litigation that would occur if every longshoreman's claim was controverted.

The Second Circuit has also addressed the issue of what events are the equivalent of "an award in a compensation order" taking what appears to be a slightly different position than the Sixth or Fourth Circuits. Although a formal order is not required, the Second Circuit does appear to require that the compensation be paid pursuant to either an agreement reached at an informal conference convened by a claims examiner from the OWCP, *Ambrosino v. Transoceanic Steamship Co.,* 675 F.2d 470 (2d Cir.1982); *Rodriquez v. Compass Shipping Co., Ltd.,* 617 F.2d 955 (2d Cir.1980), aff'd on other grounds 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981); *Sorrentino v. Lloyd,* 528 F.Supp. 1119 (E.D.N.Y.1981), or under circumstances where the Plaintiff "knew or was chargeable with knowledge that his acceptance of compensation" would trigger the six-month assignment provision. *D'Amico v. Cia De Nav. Mar. Netumar,* 677 F.2d 249 (2d Cir.1982).

This court agrees with the above stated rationale and is convinced that the rule it adopts today will promote the interest of both the longshoreman and his employer while furthering the purposes of the LHWCA.

Defendants' motion to dismiss is GRANTED.