676 F.2d 106
 Pearlie SIMMONS, Appellant,
v.
SEA-LAND SERVICES, INC., Appellee.
Michael D. HART, individually and for the use and benefit of
Liberty Mutual Insurance Company, Appellant,
v.
D.B. Denis NAKLIYATI T.A.S., Appellee.
Melvin BANDY, for and on behalf of himself, individually, Appellant,
and
American Mutual Insurance Company of Boston, Plaintiff,
v.
BANK LINE, LTD., Appellee.
Fred L. SPRATLEY, for and on behalf of himself,
individually, Appellant,
and
Atlantic & Gulf Stevedores, Inc., Plaintiff,
v.
HELLENTIC LINES, LTD., Appellee.
Thomas E. McLEAN, Appellant,
and
Atlantic & Gulf Stevedores, Inc., Plaintiff,
v.
CIA TRANSATLANTIC ESPANOLA, S.A., Appellee.
Charles A. CALDWELL, Appellant,
and
Commercial Union Insurance Co., Plaintiff,
v.
OGDEN SEA TRANSPORT, INC., Appellee.
Wallace CURRY, Appellant,
and
Atlantic & Gulf Stevedores, Inc., Plaintiff,
v.
COMPANIA CRASATLANTICA ESPANOLA, S.A., Appellee.
Wilbert C. HAROLD, for and on behalf of himself,
individually, Appellant,
and
The Hartford Accident Indemnity Insurance Company, Plaintiff,
v.
COMPANHIA DE NAVEGACAO MARITIMA NETUMAR, Appellee.
 Nos. 81-1808, 81-1815, 81-1836, 81-1865 to 81-1869.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 7, 1982.
Decided April 12, 1982.
 
 Ralph Rabinowitz, Norfolk, Va. (Rabinowitz, Rafal & Swartz, Norfolk, Va., on brief), for appellant Pearlie Simmons.
 John H. Klein, Norfolk, Va. (C. Arthur Rutter, Jr., Breit, Rutter & Montagna, Norfolk, Va., on brief), for appellants Melvin Bandy, Fred L. Spratley, Thomas McLean, Charles Caldwell, Wallace Curry & Wilbert Harold.
 Allan D. Zaleski, Robinson, Eichler, Zaleski & Mason, Norfolk, Va., on brief, for appellant Michael D. Hart.
 John B. King, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for Ogden Sea Transport, Inc., Companhia De Navegacao Maritima Netumar, Compania Crasatlantica Espanola, S.A.
 Carter B. S. Furr, Norfolk, Va. (Jett, Agelasto, Berkley, Furr & Price, Norfolk, Va., on brief), for D. B. Denis Nakliyati T.A.S., Hellentic Lines, Ltd.
 John R. Crumpler, Jr., Norfolk, Va. (Seawell, Dalton, Hughes & Timms, Norfolk, Va., on brief), for Bank Line, Ltd., Sea-Land Services, Inc.
 Before WIDENER, HALL and CHAPMAN, Circuit Judges.
 K. K. HALL, Circuit Judge:
 
 
 1
 These consolidated appeals involve common issues of law regarding a longshoreman's right to sue third parties pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. For the reasons expressed herein, we affirm the decision of the district court.
 
 
 2
 Each of these cases involves a longshoreman who was injured on the job and who accepted compensation benefits without contravention by their employers. Each longshoreman later brought an action against an allegedly negligent shipowner pursuant to 33 U.S.C. § 905(b). In each case the district court concluded that the plaintiff had received "an award in a compensation order" more than six months prior to the institution of his action, and that pursuant to 33 U.S.C. § 933(b) the plaintiff no longer retained the right to sue the shipowner.[1] As to plaintiffs Bandy, Caldwell and Hart, the court additionally ruled that certain purported reassignments of the claims executed by their employers were invalid because the LHWCA did not expressly sanction reassignments. Based on these rulings, the court entered summary judgment in favor of the defendants.
 
 
 3
 Two principal issues emerge from these rulings. First, we must identify the event or events which create "an award in a compensation order" sufficient to trigger the six-month period set forth in Section 933(b). Second, we must determine whether an assignee who has acquired the claim upon expiration of the six-month period may reassign that claim to the injured longshoreman.
 
 I.
 33 U.S.C. §§ 933(a) and (b) provide:
 
 4
 (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer or a person or persons in his employ is liable in damages, he need not elect whether to receive such compensation or to recover damages against such third person.
 
 
 5
 (b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or (the Benefits Review) Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.
 
 
 6
 Under these subsections, a longshoreman who accepts "compensation under an award in a compensation order" has six months to bring an action against the third party, and the failure to do so operates as an assignment of the claim to the employer or its subrogee. 33 U.S.C. § 933(h). Thus, the critical phrase for purposes of the assignment is "an award in a compensation order."In Liberty Mutual Insurance Co. v. Ameta & Co., 564 F.2d 1097 (4th Cir. 1977), we stated "that an award under a compensation order does not require formal entry of an award per se." 564 F.2d at 1102. In Ameta, an injured longshoreman accepted compensation payments without a formal order and the deputy commissioner received, accepted and filed certain supporting documents pertaining to the longshoreman's claim. Without delineating minimum requirements, we held that these supporting documents represented sufficient affirmative action and a determination by the deputy commissioner "so as to constitute an 'award' of benefits in a compensation order under 33 U.S.C. § 933(b)." Id. at 1103. Although Ameta involved an action between the employer's insurance carrier and the third party shipowner, this Court subsequently extended the Ameta interpretation of "award" to a straightforward longshoreman versus shipowner lawsuit in Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037 (4th Cir. 1980).[2]
 
 
 7
 Having determined that Section 933(b) contemplates an informal award, we next turn to the requisites of such an award. As revealed by the facts of these cases, a number of events may occur during the disability period which could be interpreted as the culmination of an informal award.[3] However, as we stated in Ameta, the essence of an award is "an act of ratification of compensation, whether formal or informal, and the subsequent acceptance by the claimant." 564 F.2d at 1102. In addition, the award must serve the dual purpose of protecting the welfare and rights of the longshoreman while not unduly delaying the employer's access to relief from the negligent third party.
 
 
 8
 With these concepts in mind, we hold that "an award in a compensation order" is created by the completion of three events: (1) the employer, having not contravened its liability, initiates compensation payments to the longshoreman; (2) the deputy commissioner files the employer's notice that compensation payments have been initiated; and (3) the longshoreman accepts any of the payments.[4] Such an award triggers the six-month period without regard to subsequent suspensions in payment or formal awards of benefits. We believe that this rule will foster the prompt payment of benefits by eliminating the need for perfunctory contravention by the employer, and will provide the employer with access to its remedies within a reasonable time. As in all such cases, the six-month period will protect the longshoreman by giving him an opportunity to investigate and weigh his options.
 
 II.
 
 9
 The LHWCA contains no provision for the actual, voluntary reassignment of a claim once the six-month period expires and the claim has vested in the assignee. In Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037 (4th Cir. 1980), we ruled that such assignments were proper. However, certain aspects of Caldwell were subsequently criticized and rejected by the Supreme Court in Rodriguez v. Compass Shipping Co., Ltd., 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981). Accordingly, our analysis must center upon the validity of Caldwell -type reassignments in the aftermath of Rodriguez.
 
 
 10
 Caldwell sanctioned both voluntary and involuntary reassignments subsequent to the expiration of the six-month period. A voluntary or actual reassignment simply required the statutory assignee to reassign the claim to the injured longshoreman. To obtain an involuntary reassignment, the longshoreman could compel the assignee to either sue the third party or reassign the claim. In support of these rulings, we relied upon Congress' intent that third parties be held to liability and the absence of conflict with the LHWCA.
 
 
 11
 The Caldwell rationale was sharply criticized in Rodriguez. After reviewing the LHWCA, its amendments and the problems which arose in its administration, the Supreme Court concluded that "once the 6-month period expires, the employer possesses complete control of third party claims." 101 S.Ct. at 1954. With this principle as its touchstone, the Court rejected the Caldwell rule that a longshoreman could compel the assignee to either sue or assign the action.
 
 
 12
 Although Rodriguez limited its discussion to the longshoreman's residual or concurrent rights in the post-assignment period, the Court strenuously emphasized "(t)he comprehensive character of the procedures outlined in the Act...." 101 S.Ct. at 1956. In light of the admonition to refrain from "fashioning ... an entirely new set of remedies," id., we are constrained to rule that the purported assignments were invalid as a matter of law because they fall outside the purview of the LHWCA.
 
 
 13
 Accordingly, the judgment entered by the district court in each of these cases is affirmed.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 The district court reached this conclusion in an earlier opinion concerning one of the appellants, Bandy v. Bank Line, Ltd., 442 F.Supp. 882 (E.D.Va.1977). That decision was affirmed on appeal as to the claims of appellants Bandy, Caldwell, Harold and Curry. Caldwell v. Ogden Sea Transp., Inc., 618 F.2d 1037 (4th Cir. 1980). In its opinions in the current cases, the district court relied upon our affirmance of its earlier decision
 
 
 [2]
 As a preliminary argument, the appellants urge us to limit Ameta to its facts. This argument is foreclosed by Caldwell
 
 
 [3]
 All appellants filed their actions more than six months after compensation payments were initiated; however, the pattern of payments varies from case to case. Bandy, Caldwell, Curry and Harold filed their actions more than six months after receiving their last compensation payment; none of these claimants ever received a formal award. Simmons filed his action while receiving payments, but the payments had once been interrupted when he attempted to return to work; he also did not receive a formal award. Hart received payments from July 27, 1978 until September 3, 1979, and then received a lump sum payment in a formal order dated October 26, 1979; he filed his action more than six months later in July, 1980. McLean filed his action while receiving payments, but subsequent to the filing date received a formal award of permanent total disability. Spratley filed his action while receiving payments and within six months of a formal order of permanent total disability
 
 
 [4]
 In accord with our decision is Larson v. Associated Container Transp. (Australia) Ltd., 459 F.Supp. 561 (E.D.Va.1978)