George MacKENZIE, Plaintiff,

and

I.T.O. Corporation of Baltimore, a Maryland corporation, Intervening Plaintiff,

v.

CALDWELL SHIPPING CO., individually and as a wholly-owned subsidiary or division of Strachan Shipping Company, a Georgia corporation, and Strachan Shipping Company, a Georgia corporation, Defendants.

No. 82–218–Civ–J–M.

United States District Court, M.D. Florida, Jacksonville Division.

March 9, 1983.

Amos I. Meyers, Esq., Baltimore, Md., Edward A. White, Jacksonville, Fla., for plaintiff.

J. Marks Moore, III, and Francis J. Gorham, Baltimore, Md., Alan Vlcek, Jacksonville, Fla., for intervening plaintiff.

Frank W. Hession, Jacksonville, Fla., for defendants.

## ORDER

MELTON, District Judge.

This cause is before the Court on defendants Caldwell Shipping Company and Strachan Shipping Company's Motion for Summary Judgment. The Court has considered the legal memoranda filed by the parties and has heard oral argument on the motion.

Defendants contend that the cause of action was not instituted within the six-month period of section 933(b) of the Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901–950 (1976). Defendants rely on two decisions by the United States Court of Appeals for the Fourth Circuit. These decisions hold that the six-month period during which the longshoreman must file suit is triggered by the filing of certain forms and the acceptance by the employee of voluntary compensation payments from the employer. *See Simmons v. Sea-Land Services, Inc.,* 676 F.2d 106 (4th Cir.), *cert. denied,* —— U.S. ——, 103 S.Ct. 242, 74 L.Ed.2d 190, *petition for reh'g filed,* (U.S. Nov. 5, 1982) (No. 82–56); *Liberty Mutual Insurance Co. v. Ameta & Co.,* 564 F.2d 1097 (4th Cir.1977). Plaintiff MacKenzie and his employer, intervening plaintiff, I.T.O. Corporation of Baltimore, oppose the motion for summary judgment, contending that the six-month period is not triggered until the entry of a formal award by the Deputy Commissioner. *See Duris v. Erato*

*Shipping, Inc.,* 684 F.2d 352, 353 (6th Cir.) (mere acceptance of compensation does not constitute formal award), *cert. granted sub nom. Pallas Shipping Agency, Ltd. v. Duris,* —— U.S. ——, 103 S.Ct. 371–72, 74 L.Ed.2d 506 (1982); *Verderame v. Torm Lines,* 670 F.2d 5, 7 (2d Cir.1982); *Kirsch v. Bangladesh Shipping Corp.,* 544 F.Supp. 83, 85 (E.D.Pa.1982) (acceptance of compensation by longshoreman and filing of accident reports by employer does not trigger section 933(b) assignment provision); *Howell v. Ocean Transportation Co.,* No. 81–0654–H (S.D.Ala. Nov. 2, 1982) (mere acceptance of compensation does not constitute formal award).

This Court is of the opinion that the overwhelming weight of authority supports plaintiff's position. Because no formal award has been entered in this case, the six-month period of section 933(b) has not been triggered. Consequently, no assignment of the cause of action against defendants has occurred, and defendant's motion must therefore be denied. Accordingly, it is

ADJUDGED:

That defendants' Motion for Summary Judgment is denied.