**Clarence R. COLLIER and Janet Collier, his wife, Plaintiffs,**

v.

**JOHN MENDIS, INC. t/a Market Inn and Bennett Heating and Air Conditioning, Inc., Defendants.**

**Civ. A. No. 81-0537.**

United States District Court,
District of Columbia.

Oct. 1, 1981.

Roger C. Johnson, Washington, D. C., for plaintiff.

Margaret D. Farthing, Rockville, Md., Thomas M. Hogan, Washington, D. C.

Conrad A. Fontaine, McLean, Va., Gary W. Brown, Washington, D. C., for defendants.

ORDER

OBERDORFER, District Judge.

There is before the Court defendant's motion for summary judgment on the ground that plaintiff's claim was assigned by operation of law to his employer once he failed to file suit within six months of receiving compensation payments, under 33 U.S.C. § 933(b). Defendant alleges only that plaintiff filed the relevant forms and received payment, but nonetheless maintains that this constitutes an award under the statute. The legislative history, however, is clear that Congress did not contemplate that mere acceptance of funds is sufficient to trigger an assignment. *American Stevedores v. Porello*, 330 U.S. 446, 456, 67 S.Ct. 847, 852, 91 L.Ed. 1011 (1947). While the

statute was amended in 1959 no intent to overturn this result appears; indeed, the statute increased the rights of the employee by providing for an additional six months in which to sue. Absent clear evidence of Congressional intent the Court will not lightly imply a purpose to deprive an employee of his rights against third parties, particularly in a statute with the remedial purposes of the instant one.

The Court thus rejects the holding of the Fourth Circuit in *Liberty Mutual Insurance Co. v. Ameta and Co.*, 564 F.2d 1097 (4th Cir. 1977) as inconsistent both with the language and policy of the Act. Indeed, it is not certain that the Fourth Circuit would have arrived at that result were it not for its policy, expressed in *Caldwell v. Ogden Sea Transport, Inc.*, 618 F.2d 1037 (4th Cir. 1980), of allowing the employee to sue whenever the employer chooses not to sue. Since the *Caldwell* policy was overruled in *Rodriguez v. Compass Shipping Co.*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), invoking the *Liberty Mutual* rule might have effects unforeseen by the Court that adopted it. This Court prefers to follow those courts that have rejected the *Liberty Mutual* holding. *See Dunbar v. Retla Steamship Co.*, 484 F.Supp. 1308 (E.D.Pa. 1980); *Sea Quest Marine Inc. v. Cove Shipping Co.*, 474 F.Supp. 164 (W.D.Wash.1979). Accordingly, it is this 1st day of October, 1981, hereby:

ORDERED: That defendant's motion for summary judgment should be, and is hereby, DENIED.