Walter **KLITZNSKY**

v.

**PAKISTAN SHIPPING CORPORATION.**

Civ. A. No. 79–1790.

United States District Court,
E. D. Pennsylvania.

Nov. 3, 1981.

William Goldstein, Philadelphia, Pa., for plaintiff.

Robert B. White, Jr., Philadelphia, Pa., for defendant.

## MEMORANDUM

### LOUIS H. POLLAK, District Judge.

Plaintiff Klitznsky filed this action on May 17, 1979, seeking to recover damages for injuries he allegedly sustained on April 28, 1977, while working aboard the M/V OCEAN ENDURANCE, a vessel owned by defendant. At the time of the accident, plaintiff was employed by the Philadelphia Ship Maintenance Company; and shortly thereafter, plaintiff began receiving compensation benefits from his employer's insurance carrier, the Midland Insurance Company. To comply with regulations, Midland filed Form BEC–206 on May 13, 1977, with the Department of Labor notifying the Deputy Commissioner that it had begun making payments to plaintiff as of May 12. Beyond the receipt of this form and several medical examination reports, no formal action was taken by the Department of Labor's Office of Workers' Compensation Programs (OWCP) which administers claims brought by injured employees under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

Defendant now moves for summary judgment, claiming that plaintiff's action is barred by section 33(b) of the Act, 33 U.S.C. § 933(b). Section 33(b) provides:

> Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner or Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

In essence, defendant argues that plaintiff's acceptance of compensation payments and the filing of required forms should be viewed as an "award" within the meaning of section 33(b) such that his claim was assigned to his employer by operation of the statute in May 1977 when the payments began, and that therefore this action, which was brought over six months after that time, is barred. Notwithstanding that (1) section 33(b) contemplates that acceptance of benefits operates as an assignment when the acceptance is "under an award in a compensation order filed by the Deputy Commissioner or Board," and (2) no "order" relating to Mr. Klitznsky was filed, and no action, formal or otherwise, was taken by OWCP beyond the receipt of certain documents, defendant insists that plaintiff should be precluded from pursuing this claim.

In support of its contention, defendant relies primarily on the Supreme Court's recent decision in *Rodriguez v. Compass Shipping Co.*, 451 U.S. 596, 101 S.Ct. 1945, 68 L.Ed.2d 472 (1981), and secondarily on certain decisions of the Fourth Circuit.[1] Defendant's reliance on *Rodriguez* is misplaced. In *Rodriguez*, as the Court pointed out, the grant of certiorari was a limited one, wherefore, the Court "assume[d]" the correctness of the Second Circuit's determination that, where "the plaintiffs and their employer agreed to settlements in informal conferences convened by the Office of Workers' Compensation Programs," 101 S.Ct. at 1948 n.3, "acceptance of compensation operated as an assignment under § 33(b)." *Ibid.* The issue the Court addressed in *Rodriguez* was whether an employee's cause of action would survive under certain circumstances even though he had failed to bring an action within six months after accepting compensation under an award. In affirming the portion of the Second Circuit's decision that barred such a tardy suit and rejecting the exceptions created by the Fourth Circuit in *Caldwell, supra,* note 1, the Court held only that section 33(b) did not permit an employee, whose claim had been assigned to his employer

---

1. *See Caldwell v. Ogden Sea Transport Inc.*, 618 F.2d 1037 (4th Cir. 1980); *Liberty Mutual Ins. Co. v. Ameta & Co.*, 564 F.2d 1097 (4th Cir. 1977).

after what the Court assumed to be an effective "award," to bring an action after the six-month period had run. Thus, *Rodriguez* does not control the question presented in this case.

In *Dunbar v. Retla Steamship Co.*, 484 F.Supp. 1308, 1309 (E.D.Pa.1980), I reviewed the Fourth Circuit's approach set forth in *Liberty Mutual, supra,* note 1, which was followed in *Caldwell, supra,* and concluded that it did not faithfully reflect Congress's purpose in enacting section 33(b). In rejecting the approach, I noted that there was nothing in the Act to suggest that the mere acceptance of compensation benefits by an injured employee would constitute a forfeiture of his right to sue. 484 F.Supp. at 1311. Because of the narrowness of its holding, the *Rodriguez* decision provides no reason to alter my earlier conclusion.

Indeed, the view I adopted in *Dunbar* appears to be reinforced by the portion of the Second Circuit's opinion in *Rodriguez* that was not reviewed ·by the Supreme Court. There the Second Circuit was at pains to explain the reason for holding that section 33(b) is satisfied by a procedure under which compensation benefits are paid pursuant to a settlement conference conducted by an OWCP claims examiner and attended by a claimant with his counsel:

> The purpose of the provision for filing of an order was to insure that the claimant-employee knew that he was foregoing his right to sue by acceptance of the compensation agreement. Where, as here, the employee, upon signing the compensation agreement with the assistance and co-signature of his counsel, is fully aware of his rights, including his right to sue within six months, the failure of an administrator to comply with the formality imposed by departmental regulations of filing the formal order can have no significance as far as the substantive rights of the parties are concerned.

617 F.2d 955 at 959 (citations omitted). It is clear that the court considered the "award" prerequisite a guarantee that employees would have some understanding that their rights might be forfeited. My views in *Dunbar* were grounded in the same conviction that the statute was not intended to subject an employee to a constructive forfeiture of his right to sue when no formal action had been taken or when he had not at least participated in some proceeding which might properly be construed as a deliberate election to surrender permanently his tort claims against third parties.

Because in this case there has been no formal action by the Deputy Commissioner or the Board, nor any informal contact between plaintiff and the OWCP which might have alerted him that his right to sue would be forfeited if he did not bring suit within six months of accepting compensation payments, plaintiff's claim was not assigned to his employer pursuant to section 33(b) and therefore defendant's motion for summary judgment will be denied.