Paulfred HALL

v.

INTERNATIONAL UNION LINES, INC., et al.

Civ. A. No. 80–4510.

United States District Court, E.D. Louisiana.

Dec. 10, 1982.

John J. Cooper, New Orleans, La., for plaintiff, Paulfred Hall.

Gerard T. Gelpi and C. Gordon Starling, Jr., New Orleans, La., for defendant, International Union Lines, Inc.

ROBERT F. COLLINS, District Judge.

The above entitled matter came before the Court on motion of defendant, International Union Lines, Inc., to dismiss or, in the alternative, for summary judgment.

WHEREFORE, after careful consideration of the relevant facts, the applicable law, and all of the issues raised in the submitted memoranda, the Court will and hereby does DENY defendant's motion to dismiss.

### REASONS

This is a personal injury action brought by Paulfred Hall against the M/V Union Expansion, *in rem,* and its alleged owner, International Union Lines, Inc. Jurisdiction is alleged under the general maritime law, the Longshoremen's Harbor Worker's Compensation Act (hereinafter the Act), 33 U.S.C. § 905(b), and diversity of citizenship. The facts presently before the Court on this motion indicate that the plaintiff was allegedly injured on September 13, 1979 while employed as a longshoreman by Dixie Stevedores, Inc. Within two weeks, compensation payments were commenced, retroactive to September 16, 1979. On October 19, 1979, the employer and/or his insurer forwarded to the deputy commissioner for filing a "Payment of Compensation Without Award" form, verifying the uncontested payment of benefits (Exhibit No. 2 of defendant's motion). These payments were then accepted by the plaintiff. There is no evidence of any formal action by the deputy commissioner, or even of an informal settlement conference. This third party action was filed on November 14, 1980, over a year after compensation payments had been accepted by the plaintiff.

■ Defendant, International Union Lines, Inc., now moves to dismiss or, alternatively, for summary judgment on the grounds that plaintiff's right of action was assigned to his employer by virtue of 33 U.S.C. § 933(b). A disabled employee covered by the Act is not required to elect between receiving compensation from his employer or recovering damages against a potentially liable third-party. 33 U.S.C. § 933(a). Nevertheless, the Act goes on to provide that:

[a]cceptance of such compensation under an award in a compensation order filed by the deputy commissioner of Board shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person unless such person shall commence an action against such third person within six months after such award.

33 U.S.C. § 933(b). In *Rodriguez v. Compass Shipping Co., Ltd.,* 451 U.S. 596, 101 S.Ct. 1945, 1950, 68 L.Ed.2d 472 (1981), the Supreme Court held that the language of this provision is "unequivocal" and "mandatory." When an employee fails to prosecute his third-party claim within six months after benefits have been accepted under an award in a compensation order, his entire right to commence a third-party action is transferred to his employer. The assignment, in effect, bars the employee from pursuing any third-party action which has been filed beyond the relevant six month period. *Id.*

The issue in this motion is whether the plaintiff received compensation "under an award in a compensation order filed by the deputy commissioner" as provided by the Act. The defendant contends that the uncontested facts, as set forth in its motion, fall squarely within the test devised by Fourth Circuit jurisprudence. In *Simmons v. SeaLand Services, Inc.,* 676 F.2d 106 (4th Cir.1982), the Court held that an award in compensation is created by the completion of three events:

(1) the employer, having not contravened its liability, initiates compensation payments to the longshoreman; (2) the deputy commissioner files the employer's notice that compensation payments have been initiated; and (3) the longshoreman accepts any of the payments.

*Id.* at 109; *see also Caldwell v. Ogden Sea Transport, Inc.,* 618 F.2d 1037 (4th Cir. 1980); *Liberty Mutual Insurance Co. v. Ameta & Co.,* 564 F.2d 1097 (4th Cir.1977). Under this approach, the employee triggers the statutory assignment provision of the Act by accepting compensation payments, coupled with the filing of appropriate verification documents. The Fourth Circuit reasoned that this rule encourages prompt payment of benefits under the Act and ensures that the employer receives full benefit of the statutory assignment within a reasonable time. *Id.* Applying the *Simmons* test, the defendant seeks to dismiss the complaint on the grounds that the third-party action was filed over a year

after the plaintiff accepted duly noticed compensation, and, therefore, any right of action the plaintiff may have had against the defendant has been, by operation of the Act, assigned to his employer.

Neither the Supreme Court nor the Fifth Circuit has addressed the question of whether the acceptance of compensation payments is sufficient to precipitate the assignment provisions of the Act.[1] Other circuits, including post-*Rodriguez* decisions, have flatly rejected Fourth Circuit jurisprudence and have ruled that the mere acceptance of benefits, even when combined with the required verification forms, does not constitute "acceptance under an award in a compensation order filed by the deputy commissioner." *Verderame v. Torn Lines,* 670 F.2d 5 (2d Cir.1982); *Kirsch v. Bangladesh Shipping Corp.,* 544 F.Supp. 83 (E.D. Pa.1982); *Rother v. Interstate and Ocean Transport Co.,* 540 F.Supp. 477 (E.D.Pa. 1982); *Klitznsky v. Pakistan Shipping Corp.,* 530 F.Supp. 326 (E.D.Pa.1981); *Rhodes v. Donohoe Construction Co.,* 527 F.Supp. 596, 598 n. 4 (D.D.C.1981); *Collier v. John Mendis, Inc.,* 526 F.Supp. 459 (D.D. C.1981); *DeMonte v. Shipping Corp. of India, Ltd.,* 476 F.Supp. 392 (S.D.N.Y.1979); *Sea Quest Marine, Inc. v. Cove Shipping, Inc.,* 474 F.Supp. 164 (W.D.Wash.1979). This line of authority is based upon the time honored judicial maximum giving conclusive effect to the express terms of the Act. *See Consumer Product Safety Commission v. GTE,* 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980). In this case, the critical statutory language is: "[a]n acceptance of such compensation under an award in a compensation order filed by the deputy commissioner . . . ." In relying solely upon acceptance of compensation for triggering the statutory assignment, *Simmons* and its progeny effectively read "under an award in a compensation order filed by the deputy commissioner" out of the Act. Such a construction, however, defies the intent of Congress when it amended the Act in 1938 to include this very language. As the Supreme Court has noted, the purpose of the 1938 amendment was fully explained in the House Report:

> The purpose of this amendment is to remove possible cause of complaint regarding the operation of the provision in subdivision (b) of section 33 in making the mere acceptance of compensation work automatically an assignment to the employer of all rights of action against the third party tort feasor. Acceptance of compensation without knowledge of the effect upon such rights may work grave injustice. The assignment of this right of action against the third party might properly be contingent upon the acceptance of compensation under an award in a compensation order issued by the deputy commissioner, thus giving opportunity to the injured person . . . to consider the acceptance of compensation from the employer with the resulting loss of right to bring suit in damages against the third party, or a refusal of compensation so as to pursue the remedy against the third party alleged to be liable for the injury.

*Rodriguez v. Compass Shipping Co., Ltd., supra* 101 S.Ct. at 1951 n. 16 (quoting H.R. Rep. No. 1945, 75th Cong., 3d Sess., at 9). The change was obviously designed to benefit the employee. It is unlikely that a dependent longshoreman will knowingly repudiate substantial compensation benefits. His acceptance, however, of these uncontested payments may be in ignorance of the total benefits he is entitled to collect, the seriousness of his injury, and the legal consequences of electing to accept compensation. *Verderame v. Torn Lines, supra* at 7. The entry of an award by the deputy commissioner, or his authorized representative, fixes the total amount of compensation due and "puts the longshoreman on notice that he has six months within which to exercise his third-party recovery." *Kirsch v. Bangladesh Shipping Corp., supra* at 88.

---

1. In *Rodriguez,* the Supreme Court did not reach this issue and simply assumed for purposes of its opinion that acceptance of compensation pursuant to an informal settlement agreement operates as an assignment. *Rodriguez v. Compass Shipping Co., supra* 101 S.Ct. at 1948 n. 3.

Other provisions of the Act further demonstrate that "an award in a compensation order" has a specific meaning. When a claim for compensation is filed, the deputy commissioner is authorized to investigate the charge and issue an order either rejecting the claim or awarding benefits. 33 U.S.C. § 919(c). This order is explicitly referred to in the Act as a compensation order. 33 U.S.C. § 919(e). "Thus, the term 'an award in a compensation order' as used in 33 U.S.C. § 933(b) has a narrow, specifically defined meaning, i.e., an order awarding benefits filed by the deputy commissioner or the Benefits Review Board in response to a compensation claim." *Kirsch v. Bangladesh Shipping Corp., supra* at 86.

██ In this case, the filing of the employer's notice concerning the initiation of compensation is not a compensation order. The document speaks for itself. The standard form is entitled "Payment of Compensation Without Award," and it is submitted without any affirmative action by the deputy commissioner. In regard to the amount of compensation, the form sets a weekly rate but goes on to state that compensation will be paid "until notice is given that payment has been stopped or suspended." (See Exhibit No. 2 of defendant's motion.) The employee, therefore, has no guarantee of a total award under this document. The form simply verifies that the employer has commenced compensation benefits without an award. 33 U.S.C. § 914(c). Such voluntary payments are in fact mandatory unless the employer contests liability under the Act. 33 U.S.C. § 914(a). An employer who contests a claim must notify the deputy commissioner, stating the grounds upon which compensation is controverted, 33 U.S.C. § 914(d); whereupon, the deputy commissioner may investigate the claim and issue its order. 33 U.S.C. § 919. Thus, the Act distinguishes between so-called voluntary compensation payments and payments made pursuant to an award in a compensation order entered by the deputy commissioner. The documents and evidence submitted on this motion clearly demonstrate that compensation was paid without an order or award by the deputy commissioner.

In the absence of such an award or order, plaintiff's acceptance of compensation does not activate the statutory assignment provision of the Act. *See generally Verderame v. Torn Lines, supra; Kirsch v. Bangladesh Shipping Corp., supra; Rother v. Interstate and Ocean Transport Co., supra.*

██ This is not to say that the assignment can only be triggered by acceptance of compensation after a formal award. Rather, "the appropriate test for abandoning the requirement of a formal award is whether the parties understand they are settling their claims." *Rother v. Interstate and Ocean Transport Co., supra* at 485 (citing *Moses v. Samband Islenzkra Samvinnfelaga,* No. 79–0051–MA (D.Ma., filed January 19, 1982)). An agreement, stipulation, or informal order may be sufficient to invoke the statutory assignment. *Verderame v. Torn Lines, supra* at 7. The point, however, is that parties must negotiate and reach a settlement before the employee can make an informal election. The policy of encouraging voluntary compliance with the Act is adequately served by negotiation. Employers will continue to make prompt payments, as required by 33 U.S.C. § 914(a), pending settlement with the employee. Formal input by the deputy commissioner will only be sought when compromise fails. Moreover, a formal or informal agreement satisfies the Congressional intent in amending the statutory assignment section "to protect the employee from the harsh consequences of improvident election." *Rodriguez v. Compass Shipping Co., Ltd., supra* 101 S.Ct. at 1951. In this motion, the defendant has failed to allege any facts which establish that the plaintiff and his employer settled the compensation claim and thereby waived the requirement of a formal award.

For the reasons given above, the Court DENIES defendant's motion to dismiss or the alternative motion for summary judgment.